1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9

UNITED STATES OF AMERICA,

**Case No. 3:20-cv-3683**

10

Plaintiff,

**[PROPOSED] STIPULATED ORDER
FOR PERMANENT INJUNCTION AND
CIVIL PENALTY JUDGMENT**

11

v.

HYPERBEARD, INC., a corporation, and

12

13

ALEXANDER KOZACHENKO and
ANTONIO URIBE,
       individually and as officers of
       HyperBeard, Inc.,

14

15

Defendants.

16

17

     Plaintiff, the United States of America, acting upon notification and authorization to the

18

Attorney General by the Federal Trade Commission ("Commission"), filed its Complaint for

19

Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Complaint"), in this matter,

20

pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a)(1), and 19, of the Federal Trade

21

Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a)(1), and 57(b),

22

and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act ("COPPA"),

STIPULATED ORDER

15 U.S.C. §§ 6502(c) and 6505(d), and the Commission's Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. Part 312.  Defendants have waived service of the summons and the Complaint.  The parties have been represented by the attorneys whose names appear hereafter.  Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants violated COPPA and the FTC Act by failing to provide notice to parents of their information practices and failing to obtain verifiable parental consent prior to allowing a third party to collect, use, or disclose personal information of children on Defendants' behalf.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

STIPULATED ORDER

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.   "**Child**" means an individual under the age of 13.

B.   "**Collects**" or "**Collection**" means the gathering of any Personal Information from a Child by any means, including but not limited to:

    1.   Requesting, prompting, or encouraging a Child to submit Personal Information online;

    2.   Enabling a Child to make Personal Information publicly available in identifiable form; or

    3.   Passive tracking of a Child online.

C.   "**Corporate Defendant**" means HyperBeard, Inc. ("HyperBeard"), a corporation, and its successors and assigns.

D.   "**Individual Defendants**" means Alexander Kozachenko and Antonio Uribe.

E.   "**Defendants**" means the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

F.   "**Disclose**" **or** "**Disclosure**" means, with respect to Personal Information:

    1.   The Release of Personal Information Collected by an Operator from a Child in identifiable form for any purpose, except where an Operator provides such information to a person who provides Support for the Internal Operations of the Website or Online Service; and

    2.   Making Personal Information Collected by an Operator from a Child publicly available in identifiable form by any means, including but not limited to a public posting through the Internet, or through a personal home page or screen posted on

Page 3 of 19

STIPULATED ORDER

a website or online service; a pen pal service; an electronic mail service; a

message board; or a chat room.

G.   "**Internet**" means collectively the myriad of computer and telecommunications facilities,

including equipment and operating software, which comprise the interconnected world-

wide network of networks that employ the Transmission Control Protocol/Internet

Protocol, or any predecessor or successor protocols to such protocol, to communicate

information of all kinds by wire, radio, or other methods of transmission.

H.   "**Obtaining Verifiable Parental Consent**" means making any reasonable effort (taking

into consideration available technology) to ensure that before Personal Information is

Collected from a Child, a Parent of the Child:

1.   Receives notice of the Operator's Personal Information Collection, use, and

disclosure practices; and

2.   Authorizes any Collection, use, and/or disclosure of the Personal Information.

I.   "**Online Contact Information**" means an e-mail address or any other substantially

similar identifier that permits direct contact with a person online, including but not

limited to, an instant messaging user identifier, a voice over internet protocol (VOIP)

identifier, or a video chat user identifier.

J.   "**Operator**" means any person who operates a website located on the Internet or an

online service and who Collects or maintains Personal Information from or about the

users of or visitors to such website or online service, or on whose behalf such information

is Collected or maintained, or offers products or services for sale through that website or

online service, where such website or online service is operated for commercial purposes

involving commerce among the several States or with 1 or more foreign nations; in any

STIPULATED ORDER

territory of the United States or in the District of Columbia, or between any such territory and another such territory or any State or foreign nation; or between the District of Columbia and any State, territory, or foreign nation.  Personal Information is Collected or maintained on behalf of an Operator when:

1.      It is Collected or maintained by an agent or service provider of the Operator; or

2.      The Operator benefits by allowing another person to Collect Personal Information directly from users of such website or online service.

K.      "**Parent**" includes a legal guardian.

L.      "**Person**" means any individual, partnership, corporation, trust, estate, cooperative, association, or other entity.

M.      "**Personal Information**" means individually identifiable information about an individual Collected online, including:

1.      A first and last name;

2.      A home or other physical address including street name and name of a city or town;

3.      Online Contact Information;

4.      A screen or user name where it functions in the same manner as Online Contact Information;

5.      A telephone number;

6.      A Social Security number;

7.      A persistent identifier that can be used to recognize a user over time and across different websites or online services.  Such persistent identifier includes, but is not

STIPULATED ORDER

limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

8.   A photograph, video, or audio file where such file contains a Child's image or voice;

9.   Geolocation information sufficient to identify street name and name of a city or town; or

10.  Information concerning the Child or the Parents of that Child that the Operator Collects online from the Child and combines with an identifier described in this definition.

N.   "**Release of Personal Information**" means the sharing, selling, renting, or transfer of Personal Information to any Third Party.

O.   "**Support for the Internal Operations of the Website or Online Service**" means

1.   Those activities necessary to:

a.   Maintain or analyze the functioning of the website or online service;

b.   Perform network communications;

c.   Authenticate users of, or personalize the content on, the website or online service;

d.   Serve contextual advertising on the website or online service or cap the frequency of advertising;

e.   Protect the security or integrity of the user, website, or online service;

f.   Ensure legal or regulatory compliance; or

g.   Fulfill a request of a Child as permitted by § 312.5(c)(3) and (4) of COPPA;

STIPULATED ORDER

2.      So long as the information Collected for these activities listed in 1(a) – (g) is not used or Disclosed to contact a specific individual, including through behavioral advertising, to amass a profile on a specific individual, or for any other purpose.

P.      "**Third Party**" means any Person who is not:

1.      An Operator with respect to the Collection or maintenance of personal information on the website or online service; or

2.      A Person who provides Support for the Internal Operations of the Website or Online Service and who does not use or Disclose information protected under this part for any other purpose.

Q.      "**Website or Online Service Directed to Children**" means a commercial website or online service, or portion thereof, that is targeted to Children.

## ORDER

## I.      INJUNCTION CONCERNING COLLECTION OF PERSONAL INFORMATION FROM CHILDREN

IT IS ORDERED that Defendants and Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with being an Operator of any Website or Online Service Directed to Children or of any website or online service with actual knowledge that it is Collecting or maintaining Personal Information from a Child, are hereby permanently restrained and enjoined from:

A.      Failing to make reasonable efforts, taking into account available technology, to ensure that a Parent of a Child receives direct notice of Defendants' practices with regard to the Collection, use, or Disclosure of Personal Information from Children, including notice of any

STIPULATED ORDER

material change in the Collection, use, or Disclosure practices to which the Parent has previously consented;

B.      Failing to post a prominent and clearly labeled link to an online notice of its information practices with regard to Children on the home or landing page or screen of its website or online service, *and* at each area of the website or online service where Personal Information is Collected from Children; and

C.      Failing to Obtain Verifiable Parental Consent before any Collection, use, or Disclosure of Personal Information from Children, including consent to any material change in the Collection, use, or Disclosure practices to which the Parent has previously consented; and

D.      Violating the Children's Online Privacy Protection Rule, 16 C.F.R. Part 312 (attached as Appendix A).

## II.      INJUNCTION CONCERNING DELETION OF CHILDREN'S PERSONAL INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are ordered to:

A.  Refrain from Disclosing, using, or benefitting from Personal Information Collected from Children that Defendants obtained prior to entry of this Order; and

B.  Destroy such Personal Information in all forms in their possession, custody, or control within ten (10) days after entry of this Order.

STIPULATED ORDER

### III.   MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of four million dollars ($4,000,000) is entered in favor of Plaintiff against Corporate Defendant and Individual Defendant Kozachenko, jointly and severally, as a civil penalty.

B.     Corporate Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, one hundred and fifty thousand dollars ($150,000), which, as Corporate Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to Plaintiff.  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.     The Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Individual Defendant Alexander Kozachenko signed on November 16, 2019, including the attachments; and

2. the Financial Statement of Corporate Defendant HyperBeard, Inc. signed by Chief Executive Officer Alexander Kozachenko, on November 16, 2019, including the attachments.

D.     The suspension of the judgment will be lifted as to Corporate Defendant and Defendant Kozachenko if, upon motion by the Plaintiff, the Court finds that Corporate Defendant or Defendant Kozachenko failed to disclose any material asset, materially misstated the value of

STIPULATED ORDER

any asset, or made any other material misstatement or omission in the financial representations identified above.

E.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to Corporate Defendant and Defendant Kozachenko in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## IV.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.      Defendants acknowledge that their Taxpayer Identification Numbers, which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## V.      ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

STIPULATED ORDER

B.      For five (5) years after entry of this Order, the Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, managers and members; (2) all employees having managerial responsibilities relating to the Collection, retention, storage, or security of Personal Information, and all agents and representatives who participate in the operation of any of Defendants' websites or online services; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Defendants delivered a copy of this Order, Defendants must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI.      COMPLIANCE REPORTING

        IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

        1.      Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendants; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered,

STIPULATED ORDER

the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; (e) provide a copy of each different version of any privacy notice posted on each website or online service operated by Defendants or sent to Parents of Children that register on each website or online service; (f) provide a statement setting forth in detail the methods used to Obtain Verifiable Parental Consent prior to any Collection, use, and/or Disclosure of Personal Information from Children; (g) provide a statement setting forth in detail the means provided for Parents to review the Personal Information Collected from their Children and to refuse to permit its further use or maintenance; and (h) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, the Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.      Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that Defendants have any ownership interest in or control directly or indirectly that may affect compliance obligations arising under

STIPULATED ORDER

this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, Parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against each Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  United States v. HyperBeard, Inc.

## VII.    RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically,

STIPULATED ORDER

Corporate Defendant and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

C.     Copies of all consumer complaints relating to Defendants' Collection of Personal Information whether received directly or indirectly, such as through a Third Party, and any response; and

D.     A copy of each materially different form, page, or screen created, maintained, or otherwise provided by Defendants through which Defendants Collect Personal Information other than solely a Persistent Identifier, and a copy of each materially different document containing any representation regarding Defendants' Collection, use, and Disclosure practices pertaining to Personal Information.

## VIII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by

STIPULATED ORDER

1  Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,

2  and 69.

3  B.      For matters concerning this Order, the Commission and Plaintiff are authorized to

4  communicate directly with each Defendant.  Defendants must permit representatives of the

5  Commission and Plaintiff to interview any employee or other Person affiliated with any

6  Defendant who has agreed to such an interview.  The Person interviewed may have counsel

7  present.

8  C.      The Commission and Plaintiff may use all other lawful means, including posing, through

9  its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any

10  individual or entity affiliated with Defendants, without the necessity of identification or prior

11  notice.  Nothing in this Order limits the Commission's lawful use of compulsory process,

   pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

12              **IX.     RETENTION OF JURISDICTION**

13          IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

14  purposes of construction, modification, and enforcement of this Order.

15  **SO ORDERED** this  17  day of ___June_____, 2020.

16

17          _____

18          UNITED STATES DISTRICT JUDGE

19          Judge Jacqueline Scott Corley

20

21

22

GRANTED

Jacqueline Scott Corley

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STIPULATED ORDER

1

2

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

3

4

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

5

6

ETHAN P. DAVIS
Deputy Assistant Attorney General
Civil Division

7

8

GUSTAV W. EYLER
Director
Consumer Protection Branch

9

10

ANDREW E. CLARK
Assistant Director
Consumer Protection Branch

11

Danielle Serbin   Digitally signed by Danielle
                  Serbin
                  Date: 2020.06.03 16:41:25
                  -04'00'

12

DANIELLE SERBIN
Trial Attorney
Consumer Protection Branch

13

U.S. Department of Justice
P.O. Box 386

14

Washington, DC 20044
Tel: (202) 514-8742

15

Fax: (202) 514-8742
Email: danielle.e.serbin@usdoj.gov

16

California SBN 294369

17

18

19

20

21

22

STIPULATED ORDER

1  **FOR THE FEDERAL TRADE COMMISSION:**

2  MANEESHA MITHAL
   Digitally signed by MANEESHA MITHAL
   Date: 2020.06.01 16:51:31 -04'00'

3  MANEESHA MITHAL
   Associate Director

4  Division of Privacy and Identity Protection

5

   LAWRENCE EICHORN
   Digitally signed by LAWRENCE EICHORN
   Date: 2020.06.01 16:00:53 -04'00'

6  MARK EICHORN
   Assistant Director

7  Division of Privacy and Identity Protection

8

   GORANA NESKOVIC
   Digitally signed by GORANA NESKOVIC
   Date: 2020.06.01 15:45:39 -04'00'

9

10 GORANA NESKOVIC
   Attorney

11 Division of Privacy and Identity Protection
   Federal Trade Commission

12 600 Pennsylvania Avenue NW
   Mail Stop CC-8232

13 Washington, DC 20580
   (202) 326-2322
   GNeskovic@ftc.gov

14 PEDER MAGEE
   Digitally signed by PEDER MAGEE
   Date: 2020.06.01 16:27:00 -04'00'

15 PEDER MAGEE
   Attorney

16 Division of Privacy and Identity Protection
   Federal Trade Commission

17 600 Pennsylvania Avenue NW
   Mail Stop CC-8232

18 Washington, DC 20580
   (202) 326-3538

19 PMagee@ftc.gov

20

21

22
                              Page 17 of 19

                                        STIPULATED ORDER

**FOR DEFENDANTS:**

Date: 7 JAN 2020

JENNIFER C. ARCHIE
ALEXANDER L. STOUT
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2205
Jennifer.Archie@lw.com
Alexander.Stout@lw.com
*Counsel for HyperBeard, Inc.*

_____     Date: _____

ANTHONY E. DIRESTA
Holland & Knight LLP
800 17th Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 469-5164
Anthony.DiResta@hklaw.com
*Counsel for Defendant Alexander Kozachenko*

_____     Date: _____

KEITH L. COOPER
Morrison Rothman LLP
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
Tel: (310) 556-9611
Keith@morrisonrothman.com
*Counsel for Defendant Antonio Uribe*

Page 18 of 19

STIPULATED ORDER

1

**FOR DEFENDANTS:**

2

_____     Date: _____

3   JENNIFER C. ARCHIE
    ALEXANDER L. STOUT
4   Latham & Watkins, LLP
    555 Eleventh Street, NW, Suite 1000
5   Washington, D.C. 20004
    Tel: (202) 637-2205
    Jennifer.Archie@lw.com
6   Alexander.Stout@lw.com
    *Counsel for HyperBeard, Inc.*

7

8
_____     Date:    1/8/2020
9   ANTHONY E. DIRESTA
    Holland & Knight LLP
10  800 17th Street, NW, Suite 1100
    Washington, DC 20006
11  Tel: (202) 469-5164
    Anthony.DiResta@hklaw.com
    *Counsel for Defendant Alexander Kozachenko*
12

13
_____     Date: _____
14  KEITH L. COOPER
    Morrison Rothman LLP
15  1801 Century Park East, 25th Floor
    Los Angeles, CA 90067
16  Tel: (310) 556-9611
    Keith@morrisonrothman.com
    *Counsel for Defendant Antonio Uribe*
17

18

19

20

21

22

Page 18 of 19

STIPULATED ORDER

1   **FOR DEFENDANTS:**

2
_____   Date: _____
3   JENNIFER C. ARCHIE
ALEXANDER STOUT
4   Latham & Watkins, LLP
555 Eleventh Street, NW, Suite 1000
5   Washington, D.C. 20004
Tel: (202) 637-2205
6   Jennifer.Archie@lw.com
Alexander.Stout@lw.com
7   *Counsel for HyperBeard, Inc.*

8
_____   Date: _____
9   ANTHONY E. DIRESTA
Holland & Knight LLP
10   800 17th Street, NW, Suite 1100
Washington, DC 20006
11   Tel: (202) 469-5164
Anthony.DiResta@hklaw.com
12   *Counsel for Defendant Alexander Kozachenko*

13
                                      Date: 1/8/20
14   KEITH L. COOPER
Morrison Rothman LLP
15   1801 Century Park East, 25th Floor
Los Angeles, CA 90067
16   Tel: (310) 556-9611
Keith@morrisonrothman.com
17   *Counsel for Defendant Antonio Uribe*

18

19

20

21

22
                  Page 18 of 19

1    **DEFENDANTS:**

2

3    _____    Date: January 7, 2020

     Alexander Kozachenko
4    *Individually and as an officer of*
     *HyperBeard, Inc.*

5

6                                         Date: _____

7    _____
     Antonio Uribe
     *Individually and as an officer of*
8    *HyperBeard, Inc.*

9

10   _____    Date: January 7, 2020

11   HyperBeard, Inc.

12

13

14

15

16

17

18

19

20

21

22
                          Page 19 of 19

                                    STIPULATED ORDER

1    **DEFENDANTS:**

2

3    _____        Date: _____
     Alexander Kozachenko
4    *Individually and as an officer of*
     *HyperBeard, Inc.*

5

6    _Antonio Uribe_____        Date: _08/January/2020_

7    Antonio Uribe
     *Individually and as an officer of*
8    *HyperBeard, Inc.*

9

10   _____        Date: _____

11   HyperBeard, Inc.

12

13

14

15

16

17

18

19

20

21

22
                         Page 19 of 19

                                       STIPULATED ORDER